EMAD S. LAWANDI, ESQ
LAWANDI LEGAL LLC
72 Main Street, Suite B
South River, NJ 08882
Phone: (732) 333-3582
Fax: (732) 444-3572
Email: Emad@Lawandi.com
*Attorney(s) for Plaintiff*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

MLK Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

| | |
|---|---|
| In re: | **Chapter** 11 |
| R.C. CONSTRUCTION, LLC, | |
| Debtor | |
| | **Case No.** 25-19241-SLM |
| JOSEPH RUANE | |
| JANET RUANE, | |
| Plaintiffs, | |
| | **COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)** |
| Against | |
| R.C. CONSTRUCTION, LLC, | |
| Defendant | |

Joseph Ruane and Janet Ruane ("Plaintiffs") as plaintiffs in the above-captioned

adversary proceeding, by and through its undersigned counsel, files this Complaint objecting to

the dischargeability of certain debts of R.C. Construction ("Defendant") and respectfully alleges,

upon knowledge, information, and belief, as follows:

## PRELIMINARY STATEMENT

1. This adversary proceeding is brought to object to the dischargeability of debt owed to

   Plaintiffs in the Chapter Eleven bankruptcy case of Defendant, Case Number 25-19241-

   SLM, pending in the U.S. Bankruptcy Court for the District of New Jersey. The debt should

   be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2).

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this adversary proceeding, which arises under

   title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court

   for the District of New Jersy (the "Court"), captioned Complaint Objecting to

   Dischargeability of Dept, Case No. 25-19241-SLM, pursuant to 28 U.S.C. §§ 157 and

   1334(b).

3. This action is brought as an adversary proceeding pursuant to Rule 7001(6) of the Federal

   Rules of Bankruptcy Procedure (the "Bankruptcy Rules") related to the bankruptcy case

   pending before this Court.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiff

   consents to the entry of final orders or judgment by the Court in this adversary proceeding.

5. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are Section 523(a)(2) of title 11 of the

   United States Code (the "Bankruptcy Code") and Bankruptcy Rules 7001.

## PARTIES

7.  Plaintiffs are individuals with a residence at 36 Avenue J, Monroe Township, New Jersey
    08831.

8.  Defendant, with its principal place of business at 3115 Echo Lane in Westfield, NJ 07090, is
    a limited liability company.

## BACKGROUND

9.  On September 3, 2025 ("Petition Date"), Defendant filed a voluntary petition for relief under
    Chapter 11 of the Bankruptcy Code in the Court.

10. On the Petition Date, Plaintiffs were creditors of Defendant holding an unsecured claim in
    the approximate amount of $299,000 (the "Debt"). This Debt represents the total sums
    remitted by Plaintiffs to Defendant in connection with a home improvement construction
    project, including approximately $257,400 pursuant to the contract price, together with an
    additional sum of approximately $42,500 for extra work requested and agreed upon. **(Exhibit
    2,3).**

11.  The Plaintiffs are creditors in this proceeding, by virtue of Defendant defrauding them with
    artifice and deceit.

12. Pursuant to Bankruptcy Rule 4007(c), the deadline to file a complaint to determine the
    dischargeability of Defendant's depts is on or around December 1, 2025. This Complaint is,
    therefore, timely filed under Bankruptcy Rule 4007(c).

13. On or about March 3, 2023, the Plaintiff and the Defendant entered into a written home
    improvement contract for renovation work at the Plaintiff's residence located in Monroe
    Township, New Jersey. **(Exhibit 1).**

14. The scope of work agreed upon included but was not limited to structural modifications, installation of new plumbing and electrical systems, interior finishing including drywall and painting, installation of new doors, windows, flooring, and fixtures, addition of living space including bedrooms and bathrooms, and exterior improvements including siding and roofing.

15. Defendant further agreed to complete the work in a timely and professional manner consistent with industry standards and applicable building codes. The contract stipulated substantial completion within eight (8) months of the contract date. **(Exhibit 1).** To this day, the promised work has not been completed.

16. Defendant accepted Plintiffs' money but did only minimal work.

17. Defendant failed to schedule any required inspections, which demonstrates that the work was incomplete and did not qualify for post work inspections.

18. As a result of the incomplete construction work, the residence does not have a certificate of occupancy, as the property has not met the requirements established by local building codes for safe and lawful habitation.

19. On or about May 16, 2025, pursuant to the arbitration clause contained in the home improvement contract, Plaintiffs filed a formal demand for arbitration with the American Arbitration Association to resolve the dispute arising from Defendant's breach of contract and fraud.

20. On September 3, 2025, Defendant filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, triggering an automatic stay that halts all collection efforts, including the ongoing arbitration proceedings, thereby prohibiting Plaintiffs from continuing with arbitration without relief from the bankruptcy court.

## COUNT I.

### For a Determination That the Debt is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A).

21. Plaintiffs repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 21 of the Complaint.

22. Defendant owes a debt to Plaintiff for money, property, services, or an extension, renewal, or refinancing of credit obtained by a false representation, other than a statement respecting the debtor's or an insider's financial condition, as set forth in 11 U.S.C. § 523(a)(2)(A).

23. Defendant, by its statements, acts, omissions and conduct, made false representations to Plaintiffs with regards to the payment of money in exchange for Defendant's services regarding the home improvements.

24. The statements, acts, omissions, conduct and misrepresentations by Defendant were willful, wanton, and/or intentional.

25. At the time Defendant made the false representations, Defendant knew they were false and/or each representation was made with such reckless disregard for the truth as to constitute willful misrepresentation.

26. Defendant made the false representations with the intent and purpose of deceiving Plaintiff.

27. Defendant made the false representations with the intent and purpose of deceiving Plaintiff.

28. Plaintiff justifiably relied on the false representations.

29. The Debt was obtained by Defendant through actual fraud by a deliberate act of deception involving knowingly making false statements and concealing material facts with the intent to deceive and induce Plaintiffs to rely on those falsehoods to their detriment.

30. Defendant caused Plaintiffs harm by its statements, acts, omissions and conduct, misrepresentation, and by fraudulently concealing its intentions, as wells as facts material to Plaintiffs with respect to the payment of money in exchange for Defendant's services.

31. As a direct and proximate result, Plaintiffs have incurred and will continue to incur damages.

32. The Defendant's actions constitute statutory fraud under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. §§ 56:8-1 et seq, which broadly prohibits any entity from engaging in any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting any material fact with the intent that others rely upon such concealment or omission, in connection with the sale or advertisement of merchandise or services, including home improvement contracts.

33. Defendant committed multiple violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 et seq, as stated below.

34. Defendant failed to provide Plaintiff with copies of all warranties and guarantees as required by law, thereby violating consumer protection requirements concerning disclosure of warranty information.

35. Defendant failed to set forth in legible form the name and address of the sales representative who negotiated the contract, in violation of N.J.S.A. 56:8-14 et seq., depriving Plaintiff of crucial contracting party information.

36. Defendant failed to specify in the contract the type, grade, quality, size, and quantity of construction materials to be used, resulting in insufficient disclosure to Plaintiff and failure to meet material specification standards mandated by law.

37. The contract failed to set forth the dates or time period within which the work was to commence and be completed, in breach of the statutory requirement to provide clear timing for home improvement projects.

38. Defendant failed to identify the individual subcontractor(s) involved in the project, contrary to disclosure obligations undertaken to ensure accountability for subcontracted work.

39. Defendant did not provide a written contract or written amendment for additional work not performed by the company, violating the requirement that all work modifications be memorialized in writing.

40. Defendant failed to provide Plaintiff with a certificate of general liability insurance as mandated by N.J.S.A. 56:8-151(2)(3), exposing Plaintiff to potential liability for accidents and damages caused during the project.

41. Defendant is strictly liable for violations based on affirmative acts of fraud or deception regardless of intent to defraud under CFA.

42. Plaintiff is entitled to treble damages, attorney's fees, and costs under N.J.S.A. § 56:8-19.

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter a judgment against Defendant denying Defendant a discharge under 11 U. S. C. § 523(a)(2)(A) and granting such other and further relief as the Court deems just and proper.

Lawandi Legal, LLC

Dated November 3, 2025

*Emad S. Lawandi*

BY: Emad Lawandi Esq.
72 Main Street, Suite B
South River, NJ 08882
Phone: (732) 333-3582
Fax: (732) 444-3572
Emad@Lawandi.com

7

# EXHIBIT 1

# RC Construction, LLC

30 Culver St.
Somerset, NJ 08873

Tel: (201) 895-2619

Email: rcconstructionlimitedlc@gmail.com

License No.: 13VH08716800

| Date | Invoice # |
|------|-----------|
| 03/03/2023 | 4013 |

| Customer Information |
|----------------------|
| Ruane Residence<br>36 Avenue J.<br>Monroe, NJ |

# **CONTRACT**

- **Parties.** RC Construction, LLC ("Contractor") has agreed to perform certain work for Customer (identified in box above) ("Project") in accordance with the terms and conditions of this Contract.

- **Scope of Work.** Customer agrees that Contractor's scope of work includes the following items listed on Exhibit A attached hereto ("Work").

Customer acknowledges that it is widely observed construction industry practice for pre-construction plans and specifications for any home or building to be changed and adjusted from time to time in order to accommodate on-going site conditions and in the field construction factors. These changes and adjustments are essential in order to permit all components of the Project to be integrated into a well-functioning and aesthetically pleasing product in an expeditious manner. Based on the foregoing, Customer acknowledges that such changes and adjustments may occur and agrees that it is reasonable and to Customer's benefit to allow Contractor the flexibility to make such changes and adjustments to the Project.

Contractor has the absolute right to make modifications to the Plans and any other specifications

for the Project.  Customer specifically agrees that de minimis changes in the size and/or dimensions of rooms, patios, entrances and terraces, if applicable, and in the locations of windows, doors, walls, partitions, utility lead-ins and outlets (including, but not limited to, electrical, cable television, and telephone), air-conditioning components, lighting fixtures and electrical panel boxes may be made by Contractor in its sole discretion, provided however that such changes shall not substantially affect the value of the Home. All of the modifications made by Contractor to the Plans and any other specifications shall comply with all applicable codes.

Customer understands and agrees that certain construction materials, such as tile, marble, carpet, cabinets, stone, brickwork, wood, paint, stain and mica are subject to size and color variations, grain and quality variations, and may vary in accordance with price, availability and changes by manufacturers or in the Plans or other Project specifications.  Every piece of wood has different characteristics in color and grain resulting in inconsistency of how the various pieces take staining and finishing. If circumstances arise that, in Contractor's opinion, warrant changes of subcontractors, suppliers, manufacturers, brand names or items, Contractor reserves the right to substitute equipment, materials, appliances, etc., which in Contractor's opinion are considered to be of quality substantially similar or equal, or of better quality, subject to their availability. Customer also understands that Contractor has the right to substitute or change materials and/or stain colors utilized in wood decor, if any.

Customer agrees that supervision and direction of all individuals performing the Work in accordance with this Contract, including but not limited to laborers and subcontractors, shall be done exclusively by Contractor.  Customer agrees not to issue any instructions to the laborers or workers or otherwise hinder construction at the Project.

- **Purchase Price.**  Customer agrees to pay Contractor **$257,400.00** ("Total Construction Price") for the Work performed in accordance with this Contract which shall be made payable as follows:

- $10,000.00 upon signing the contract

- $78,000.00 upon starting the job

- $78,000.00 upon demo completed, framing completed and roof installed

- $78,000.00 upon all mechanical work done, windows installed, siding installed

- $13,600.00 upon completion of the work and pass all final inspections

The Total Purchase Price for the Work is and set forth on Exhibit A attached hereto.  Payment for change orders, extras or options in excess of the Plans shall be non-refundable (unless specified otherwise), and shall be charged to Customer and due at time of selection.

In the event that any of Contractor's costs for materials shall increase by an amount greater than three percent (3%) from the date of this Contract, Contractor expressly reserves the right to charge Customer the cost of the increase in materials which shall be due and owing with the next installment payment.   Under no circumstance shall Customer be entitled to any refund, reimbursement or credit in the event that Contractor's cost of materials shall decrease for any reason.

Any amounts that are due and owing and remain unpaid for more than thirty (30) days past any applicable due date shall accrue interested at a rate of two percent (2%) per annum.

4.      **Estimated Completion Date.**   Contractor estimates that it will commence work on or about **8 days** after permit and expects to complete said work on or about **8 months**.  Contractor is not responsible for any delays in performing or completing the work arising out of circumstances beyond its control, including but not limited to, Customer's non-cooperation, time spent waiting for permits, inspections or approvals, Contractor's inability to obtain materials and parts for reasons beyond Contractor's control, acts of God, weather, terrorism, pandemic, warfare or other force majeure.  It is expressly understood by Customer that, despite anything to the contrary specified herein or verbally represented, any scheduled completion date is a good faith estimate, and Contractor makes no promises or representations concerning the date of completion. Customer agrees that Customer has not relied, and will not rely upon, any estimated completion date for any purpose whatsoever, including, without limitation, relocation of residence, storage of personal property, and Customer agrees that Contractor shall not be liable for any additional costs, expenses or consequential damages whatsoever should the work not be completed by an estimated completion date.

5.      **Customer's Right to Entry and Indemnification**.  Customer understands and agrees that the Project is a construction site and that the property and the improvements, equipment and supplies thereon constitute a danger to those who may enter. Customer agrees to provide Contractor with prior written notice of its intent to enter the property for any reason while this Contract is in effect and Contractor shall make reasonable accommodations to provide Customer with such access.

6.      **Indemnification.**  To the fullest extent permitted by law, Customer waives, releases and agrees to indemnify Contractor, its officers, directors, employees, agents, subcontractors and suppliers from and against any and all claims, losses or damage suffered or incurred by Customer, Customer's family members or guests as a direct or indirect result of any entry into the home while this Contract is in effect.

7.      **Customer's Default.**  In the event that Customer fails to pay any of the amounts due and owing under this Contract for more than thirty (30) days after any applicable due date or Customer materially breaches any other term of this Contract and is unable to cure said breach within thirty (30) days, Builder may: cease all work performed under this Contract and retain any amounts paid by Customer; file a lawsuit seeking specific performance, collection of amounts due and owing and any other consequential damages; assert a lien claim against Customer pursuant to, *inter alia*, N.J.S.A. 2A:44A-1, et seq.; and seek any and all other available remedies at law or in equity.

Customer expressly acknowledges that Builder shall be entitled to recover any and all attorneys' fees, costs and expenses incurred by Builder arising out of Customer's breach of this Contract.

8.      **Contractor's Default.**  In the event that Contractor materially breaches any term of this Contract and is unable to cure said breach within thirty (30) days, Customer may terminate this Contract in which case Contractor shall reimburse Customer for any payments made by Customer for which Contractor has not yet performed the work, or, if Contractor has performed work for which Customer has not yet paid, Customer shall issue payment for such work and Contractor shall cease working at the Project.  Under no circumstances shall Contractor be liable to Customer for any consequential or punitive damages.

9.      **Notice to Consumer.**  YOU MAY CANCEL THIS CONTRACT AT ANY TIME BEFORE MIDNIGHT OF THE THIRD BUSINESS DAY AFTER RECEIVING A COPY OF THIS CONTRACT.  IF YOU WISH TO CANCEL THIS CONTRACT, YOU MUST EITHER:

    1)      SEND A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED; OR

    2)      PERSONALLY DELIVER A SIGNED AND DATED WRITTEN NOTICE OF CANCELLATION TO:

If you cancel this Contract within the three-day period, you are entitled to a full refund of your money.  Refunds must be made within 30 days of the Contractor's receipt of the cancellation Notice.

10.      **Financing.**  Customer represents that it has sufficient funds to pay the Total Purchase Price and its ability to pay the Total Purchase Price is not contingent upon Customer's sale of any property or financing from any third-party lender.

11.      **Department of Consumer Affairs.**  Any inquiries concerning Contractor's workmanship, status, or other matters may be directed to the New Jersey Department of Consumer Affairs, which can be contacted at (800) 242-5846 and/or (973) 504-6200.

12.      **Alternate Dispute Resolution.**  Customer hereby agrees that any and all disputes with Contractor or its agents, servants, employees, owners, subsidiaries or affiliates that are based on Contractor's obligations to Customer under this Contract ("**Claims**"), the shall be resolved by

binding arbitration in accordance with the Home Construction Arbitration Rules and Mediation Procedures or the Construction Industry Arbitration Rules and Mediation Procedures, as applicable, of the American Arbitration Association ("**AAA**"), having an address at 220 Davidson Avenue, 1st Floor, Somerset, New Jersey 08873, or its successor. Information about AAA, including its rules and procedures, can be found at www.adr.org. If AAA, or its successor, is unable to arbitrate a particular Claim, then that Claim shall be resolved by binding arbitration pursuant to the rules and procedures of an equivalent organization as mutually agreed by Contractor and Customer. In addition, Customer may not initiate any arbitration proceeding for any Claim(s) unless and until Customer has first given Contractor specific written notice of each Claim and given Contractor a reasonable opportunity after such notice to cure any default, including the repair of the Work. All fees charged by AAA, or its successor, shall be paid in accordance with the fee schedule under the Home Construction Arbitration Rules and Mediation Procedures or the Construction Industry Arbitration Rules and Mediation Procedures, as applicable. All fees charged by any other equivalent organization as mutually agreed by Customer and Contractor shall be shared by the parties and shall be paid in accordance with the rules and procedures of the equivalent organization. Arbitration awards may be enforced in any court of competent jurisdiction.

EXCEPT AS MAY OTHERWISE BE PROVIDED IN AAA'S CONSUMER DUE PROCESS PROTOCOL THAT ALLOWS CONSUMERS TO FILE CERTAIN CLAIMS IN SMALL CLAIMS COURT, CUSTOMER UNDERSTANDS THAT BY INITIALING THIS ARBITRATION PARAGRAPH, HE OR SHE IS GIVING UP HIS OR HER RIGHT TO A TRIAL IN COURT, EITHER WITH OR WITHOUT A JURY.


CUSTOMER INITIALS: _____


**13.    Governing Law.**  The Parties agree that the laws of the State of New Jersey shall govern this Contract. In the event that a court of competent jurisdiction determines that the Alternative Dispute Resolution provision set forth in Paragraph 9 above is unenforceable, then the Parties agree that all actions or proceedings arising in connection with this Contract shall be tried and litigated exclusively in the State Courts of New Jersey in the county where the Project is located.


**14.    Severability.**  If any part of this Contract is determined by a Court to be unenforceable, it shall not affect the enforceability of the remaining portions.


**15.    Legally Binding Agreement.**  This Contract is a legally binding contract. If not fully understood, please seek competent legal advice. No warranties or representations, other than those specified in this Contract, are expressed or implied. Oral representations cannot be relied upon as correctly stating the representations of Contractor. For correct warranties and representations,

reference should be made to this Contract, including the riders and addenda attached hereto, and the governing documents (as such term is defined herein.

By signing this Contract, the Parties expressly acknowledge that they have reviewed the terms of this Contract, they have had an opportunity to consult with counsel, and they understand the terms and conditions of this Contract.

**CUSTOMER**

_____

By:

Dated:

**CONTRACTOR**

_____

By:

Dated:

**EXHIBIT A**

|  | Description of Work |  |
|---|---|---|

**1st floor:**

Relocate stairs to the 2nd floor.

Enlarge kitchen and dining room.

Build new study and mud room.

Relocate window.

Build 2 footings on the crawl space.

Install all new insulation as per plan.

Readjust plumbing work for the kitchen.

Install all new electrical as per plan.

Install new sheetrock, finished with three coats tape, spackled and primed, ready to paint.

Install sliding door.

Install landing and stairs as per plan.

Paint all new and disturbed areas. Paint to be by Sherwin Williams, color to be selected by owners.

Install new stairs made from red Oak treads, pine stringers and risers.

Install new railings. Railings to be selected by owner.

**Add-a-level:**

Build add-a-level as per plan includes 4 bedrooms, homework area, 2 bathrooms, and closets.

Install all new plumbing for new bathrooms.

Install all new electrical as per plan.

Install Anderson 200 series windows.

Install all new insulation as per plan.

Install new sheetrock, finished with three coats tape, spackled and primed, ready to paint.

Paint 2nd floor. Paint to be by Sherwin Williams, color to be selected by owners.

Install all new bathroom fixtures and faucets.

Install tile on the wet walls and floors.

Install bathroom ceiling fans.

Install all new interior doors, moldings, and baseboards to match existing. All doors and moldings to be painted with semi-gloss paint.

Install vinyl floors.

Install HVAC system (heat and cooling) to serve 2nd floor. Equipment to be by York or equivalent.

**<u>Exterior work:</u>**

Install new vinyl siding on the entire house. Siding to be by Encore or Royal crest

Install aluminum soffits.

Install new gutters and downspouts.

Install Timberline roof shingles.

# EXHIBIT 2

Messages - Rui Costa

iMessage
5/9/2024 9:38:31 AM

I'm here with the Sheetrock guy call you right back

5/14/2024 8:10:28 AM

Can I call you later?

Can I call you later?

Can I call you later?

5/14/2024 1:59:02 PM

Can I call you later?

Joseph please give me 30 m i will call right back

5/14/2024 6:39:10 PM

Can I call you later?

5/15/2024 11:12:37 AM

Can I call you later?

5/15/2024 2:37:30 PM

Can I call you later?

5/16/2024 7:41:19 AM

Can I call you later?

5/16/2024 9:31:53 AM

9:31 am nobody here fore Sheetrock sir

Can I call you later?

5/18/2024 6:09:03 AM

Please confirm ALL PAYMENTS HAVE BEEN PAID $10,000 on signing contract/ALL (3) Payments of $78,000 for add a level addition for sum of $244,000
TOTAL...... REMAINING BALANCE $13,400 on 5/18/2024

Yes all payments are up to date

And the remaining balance is $13,400

Good morning.. Today will give a check $7,000 direct to Sheetrock subcontractor..

Yes

That is correct

After that payment
Will be a remaining balance of $6,400

Liked "After that payment
Will be a remaining balance of…"

5/19/2024 9:46:05 AM

$7,000 paid to Edward

# EXHIBIT 3

# WELLS FARGO

**Check Number**

164

**Date Posted**

06/08/23

**Check Amount**

$70,000.00

**Account Number**

EVERYDAY CHECKING...1797



Flip                              Zoom

A printer–friendly version of this image will automatically print when you print this image from your browser. You can also save the image to your computer by right–clicking on the image (or control–click on a Mac) and selecting "Save Picture As..." (Select "Download image to disk" on a Mac). You will need to create a name for the file.

## WELLS FARGO

**Check Number**

165

**Date Posted**

10/12/23

**Check Amount**

$60,000.00

**Account Number**

EVERYDAY CHECKING...1797



Flip                    Zoom

A printer–friendly version of this image will automatically print when you print this image from your browser. You can also save the image to your computer by right–clicking on the image (or control–click on a Mac) and selecting "Save Picture As…" (Select "Download image to disk" on a Mac). You will need to create a name for the file.

# BANK OF AMERICA

JANET V RUANE   |   Account # 3810 0217 9551   |   October 18, 2023 to November 15, 2023

## Check images
**Account number: 3810 0217 9551**
Check number: 321   |   Amount: $160.00

Check number: 344   |   Amount: $50,000.00



# WELLS FARGO

**Check Number**

167

**Date Posted**

11/09/23

**Check Amount**

$10,000.00

**Account Number**

EVERYDAY CHECKING...1797



Flip                    Zoom

A printer-friendly version of this image will automatically print when you print this image from your browser. You can also save the image to your computer by right-clicking on the image (or control-click on a Mac) and selecting "Save Picture As..." (Select "Download image to disk" on a Mac). You will need to create a name for the file.

**WELLS FARGO**

### Operation Image Browser 2.0

| | | | | | |
|---|---|---|---|---|---|
| Site | VIEWPOINTE | Paid Date | 12182023 | Serial No | 169 |
| Routing | 2120002 | Account | 6283671797 | PC | 000060 |
| Amount | 20000.00 | Sequence | 8820426152 | Capture Source | 00017002 |

**Front Black & White Image**

JOSEPH P RUANE
36 AVENUE J
MONROE TOWNSHIP, NJ 08831-2210

169
65-2/212 8697
6283671797

12/16/2023

Pay to the Order of _RC Construction LLC_ $ 20,000

_Twenty Thousand Dollars and 00/100_ Dollars

WELLS FARGO
Wells Fargo Bank, N.A.
New Jersey
wellsfargo.com

For _____

**Back Black & White Image**

# BANK OF AMERICA

JANET V RUANE   |   Account # 3810 0217 9551   |   May 17, 2024 to June 13, 2024

## Check images

**Account number: 3810 0217 9551**
Check number: 314   |   Amount:  $3,500.00

# BANK OF AMERICA

JANET V RUANE  |  Account # 3810 0217 9551  |  March 16, 2024 to April 16, 2024

## Check images

**Account number: 3810 0217 9551**
Check number: 294  |  Amount:  $4,000.00

Check number: 312  |  Amount:  $2,000.00



Check number: 313  |  Amount:  $1,500.00

# WELLS FARGO

**Check Number**

173

**Date Posted**

03/19/24

**Check Amount**

$11,700.00

**Account Number**

EVERYDAY CHECKING...1797



Flip                    Zoom

A printer–friendly version of this image will automatically print when you print this image from your browser. You can also save the image to your computer by right–clicking on the image (or control–click on a Mac) and selecting "Save Picture As..." (Select "Download image to disk" on a Mac). You will need to create a name for the file.

Messages - Rui Costa

iMessage
5/9/2024 9:38:31 AM

I'm here with the Sheetrock guy call you right back

5/14/2024 8:10:28 AM

Can I call you later?

Can I call you later?

Can I call you later?

5/14/2024 1:59:02 PM

Can I call you later?

Joseph please give me 30 m I will call right back

5/14/2024 6:39:10 PM

Can I call you later?

5/15/2024 11:12:37 AM

Can I call you later?

5/15/2024 2:37:30 PM

Can I call you later?

5/16/2024 7:41:19 AM

Can I call you later?

5/16/2024 9:31:53 AM

9:31 am nobody here fore Sheetrock sir

Can I call you later?

5/18/2024 6:09:03 AM

Please confirm ALL PAYMENTS HAVE BEEN PAID $10,000 on signing contract/ALL (3) Payments of $78,000 for add a level addition for sum of $244,000
TOTAL .... REMAINING BALANCE $13,400 on 5/18/2024

Yes all payments are up to date

And the remaining balance is $13,400

Good morning.. Today will give a check $7,000 direct to Sheetrock subcontractor.

Yes

That is correct

After that payment
Will be a remaining balance of $6,400

Liked "After that payment
Will be a remaining balance of ..."

5/19/2024 9:46:05 AM

$7,000 paid to Edward

5/19/2024 2:01:33 PM

Thank you

5/20/2024 3:17:15 PM

Can I call you later?

5/22/2024 7:06:36 PM

Can I call you later?

Text message
5/28/2024 7:44:48 AM

Can I call you later?

iMessage
5/28/2024 11:11:51 AM

Can I call you later?

5/28/2024 5:54:20 PM

No dumpster

I will call my guy first thing tomorrow morning

5/30/2024 1:43:31 PM

No dumpster 1:44 pm

I have tried to call him and didn't answer

No be painter / no doors/ nobody all week

Yes but I need to give a good clean up first

I'm trying hard to have the dumpster there

5/31/2024 11:58:15 AM

Painter is here

Painting

6/1/2024 8:25:09 AM

He didn't clean dust off walls before painting

Will he sand now before second coate

6/4/2024 7:08:08 PM

Can I call you later?

6/6/2024 9:19:16 AM

1st floor living room/kitchen/ stairs to 2nd floor /halls 2nd floor SW7000 ( ibis white satin/eggshell) ::: 1st floor master bedroom SW6640 ( Tangerine) eggshell ::office and laundry room SW 6245 (quicksilver) :: powder room SW6042 (hush white )satin



# Estimate

**Vicpol Electric LLC**
2405 Pennington Rd
Pennington, NJ 08534
6092273459
vicpolelectric@gmail.com
NJ lic# 34EB01900200

**ADDRESS**
Joseph Ruane
36 Avenue J
Monroe, NJ

| ESTIMATE # | DATE |
|---|---|
| 1441 | 06/21/2025 |

| | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| outlets | furnish and install one outlet for water heater | 1 | 0.00 | 0.00 |
| Services | add disconnect and wire 30 amp AC unit outside | 1 | 0.00 | 0.00 |
| Services | wire for 15 amp 120v furnace<br>add outlet for pump | 1 | 0.00 | 0.00 |
| Services | wire for 20 amp 120v AC unit in attic<br>wire for 15 amp 120v furnace in attic | 1 | 0.00 | 0.00 |
| LABOR AND MATERIAL | | 1 | 1,500.00 | 1,500.00 |

| | |
|---|---|
| SUBTOTAL | 1,500.00 |
| TAX | 0.00 |
| TOTAL | **$1,500.00** |

Accepted By

Accepted Date

Please find your estimate details here. Feel free to contact us if you have any questions. We look forward to working with you.

Have a great day!
vicpol electric LLC